IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

GEMINI INSURANCE COMPANY,

           Plaintiff,

v.                                        CIVIL ACTION NO. 2:18-cv-00424

SIRNAIK, LLC, et al.,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

Before this Court is Plaintiff Gemini Insurance Company's ("Plaintiff") motion for judgment on the pleadings and to dismiss the counterclaims asserted against it by Defendants Sirnaik, LLC; Green Sustainable Solutions, LLC; Surnaik Holdings of WV, LLC; Polymer Alliance Services, LLC; Intercontinental Export Import, Inc.; Dr. Saurabh Naik; Saurabh Naik; Shraddha Naik; Rajiv Naik; Upen Naik; Upendra Naik; and Jyoti Naik (collectively, "Defendants"). (ECF No. 26.) For the reasons explained more fully herein, Plaintiff's motion, (ECF No. 26), is **GRANTED**.

## I.    BACKGROUND

This insurance coverage action arises out of a warehouse fire that occurred on October 21, 2017, in Parkersburg, West Virginia. (ECF No. 1 at 2.) Plaintiff seeks declaratory judgment as to certain aspects of the insurance policy it issued to Defendants and makes an unjust enrichment claim for defense costs in a number of lawsuits filed against Defendants as a result of the warehouse fire. (*Id.* at 10–14.)

1

Plaintiff filed its motion for judgment on the pleadings and to dismiss the counterclaims on September 10, 2018. (ECF No. 26.) Defendants filed a timely response, (ECF No. 34), and Plaintiff filed a timely reply, (ECF No. 36). As such, the motion is fully briefed and ripe for adjudication.

## II. LEGAL STANDARDS

### A. Motion to Dismiss

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (stating that this requirement exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). However, to withstand a motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must plead enough facts "to state a claim to relief that is plausible on its face." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion to dismiss. *Id.* at 648 (quoting *McCleary-Evans*, 780 F.3d at 585).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*,

556 U.S. at 679. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* Review of the complaint is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense." *Id.* "[T]o satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (internal quotation marks omitted).

### B. *Motion for Judgment on the Pleadings*

When considering a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), this Court applies the same standard it applies to a motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6). *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014). That is, this Court accepts as true all the well-pleaded factual allegations in the complaint and draws all reasonable factual inferences in the non-movant's favor. *Pulte Home Corp. v. Montgomery Cty.*, 909 F.3d 685, 691 (4th Cir. 2018). "A motion for judgment on the pleadings is properly granted if 'it appears certain that the [non-moving party] cannot prove any set of facts in support of [its] claim entitling [it] to relief.'" *Id.* (quoting *Priority Auto Grp., Inc. v. Ford Motor Co.*, 757 F.3d 137, 139 (4th Cir. 2014)).

### III. ANALYSIS

Plaintiff moves for judgment on the pleadings as to Count I of its complaint, which requests declaratory judgment as to the applicability of the pollution exclusion in the policy it issued to Defendants. (ECF No. 27 at 5.) Plaintiff also contends that Defendants' coverage-based counterclaims, Counts I and II, should be dismissed if this Court grants judgment in its favor as to

3

the pollution exclusion. (*See id.*) Plaintiff argues that the exclusion precludes insurance coverage for the claims alleged in the suits against Defendants arising out of the warehouse fire. (*Id.* at 11–14.) Indeed, the pollution exclusion provides that the policy does not apply to bodily injury or property damage caused by "the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of 'pollutants.'" (ECF No. 1-5 at 10.) The policy likewise does not apply to any "[r]equest, demand, order or statute or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, 'pollutants.'" (*Id.* at 11.) The term "pollutants" is defined in the policy to mean "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste." (*Id.* at 22.) This language is clear and unambiguous. *See* Syl. Pt. 1, *Flowers v. Max Specialty Ins. Co.*, 761 S.E.2d 787 (W. Va. 2014) (per curiam) ("The interpretation of an insurance contract, including the question of whether the contract is ambiguous, is a legal determination." (quoting Syl. Pt. 2, *Riffe v. Home Finders Assoc., Inc.*, 517 S.E.2d 313 (W. Va. 1999))).

Further, the pollution exclusion applies to the claims alleged in the warehouse fire lawsuits. *See id.* at 791 ("Determination of the proper coverage of an insurance contract when the facts are not in dispute is a question of law." (quoting *Farmers & Mechs. Mut. Ins. Co. of W. Va. v. Cook*, 557 S.E.2d 801, 806 (W. Va. 2001))). The *Callihan* plaintiffs allege that "an overwhelming amount of chemical smoke, odors, gases and/or fumes, particulate matter, and other harmful 'fallout material' were released . . . by the destruction and/or combustion of harmful chemicals, compounds, hazardous waste, and/or otherwise harmful substances." (ECF No. 1-1 at 7; ECF No. 26-1 at 11.) They claim that they "and their real and personal property . . . were significantly exposed . . . to an overwhelming amount of chemical smoke, odors, gases and/or fumes, particulate

4

matter, and other harmful 'fallout material'" as a result of the fire. (ECF No. 1-1 at 10; ECF No. 26-1 at 16.) The *Barker* plaintiffs aver that the fire "releas[ed] smoke, soot, pollutants, air contaminants, and noxious odors" that caused them to be exposed "to pollutants, horrific odors, and air contaminants" and "interfered with the use and enjoyment of their property." (ECF No. 1-2 at 1, 5.) The *Snider* plaintiffs claim "personal injury and property damages arising from toxic smoke from a warehouse fire." (ECF No. 1-3 at 1.) And the *Mohwish* plaintiffs allege that "hazardous materials" were "released" and "migrated to plaintiffs' . . . properties, where the materials caused adverse effects." (ECF No. 1-4 at 3.) They assert "issues with breathing, burning skin, eyes, and throat from the ash" as well as "toxic water run-off." (*Id.* at 12.) The allegations in each of these four lawsuits fall squarely within the pollution exclusion.

Defendants nonetheless contend that their "reasonable expectations" of coverage override the plain language of the pollution exclusion. "With respect to insurance contracts, the doctrine of reasonable expectations is that the objectively reasonable expectations of applicants and intended beneficiaries regarding the terms of insurance contracts will be honored even though a painstaking study of the policy provisions would have negated those expectations." Syl. Pt. 6, *N.H. Ins. Co. v. RRK, Inc.*, 736 S.E.2d 52 (W. Va. 2012) (per curiam). Generally, the reasonable expectations doctrine applies only when the policy language at issue is ambiguous. *See Erie Ins. Prop. & Cas. Co. v. Chaber*, 801 S.E.2d 207, 214 (W. Va. 2017). "However, an exception to this general rule occurs when reliable and relevant evidence, extrinsic to the insurance contract, casts a reasonable doubt as to whether coverage was provided by an otherwise unambiguous policy." Syl. Pt. 2, in part, *State* ex rel. *Universal Underwriters Ins. Co. v. Wilson*, 825 S.E.2d 95 (W. Va. 2019); *RRK, Inc.*, 736 S.E.2d at 58 ("[T]he doctrine of reasonable expectations has evolved to apply to cases . . . in which a policy provision on which denial of coverage is based differs from

5

the prior representations made to the insured by the insurer."); *Am. States Ins. Co. v. Surbaugh*, 745 S.E.2d 179, 192 (W. Va. 2013) (Benjamin, C.J., concurring) ("The doctrine of reasonable expectations comes into play when there is a discrepancy between the materials provided prior to the purchase of an insurance policy and the policy that is actually issued." (footnote omitted)).

Defendants argue that the reasonable expectations doctrine applies in this case because the insurance agent who assisted them in procuring the policy at issue misrepresented its coverage of "third-party liability claims for bodily injury and property damage arising from . . . Defendants' operations." (ECF No. 34 at 5; *see* ECF No. 20 at 16.) According to Defendants, "[w]hen specifically asked about the scope of coverage of the . . . policy, [the agent] represented to [Defendants] that the policy would cover third party liability claims for bodily injury and property damage at any of [Defendants'] sites . . . as well as product liability and completed operations claims f[ro]m the products sold by [Defendants]." (ECF No. 20 at 16.)

As an initial matter, the West Virginia Supreme Court of Appeals has yet to apply the reasonable expectations doctrine to an insured's allegations that an insurance agent's statements, without more, created the reasonable expectation of coverage. *See Luikart v. Valley Brook Concrete & Supply, Inc.*, 613 S.E.2d 896, 903 (W. Va. 2005) (per curiam) (reviewing "limited circumstances" when court applied reasonable expectations doctrine to "clear and unambiguous" policy language).[1] In *Romano v. New England Mutual Life Insurance Co.*, 362 S.E.2d 334 (W. Va. 1987), the Supreme Court of Appeals found a reasonable expectation of coverage where the promotional materials given to the insured differed from the policy language. In *Keller v. First National Bank*, 403 S.E.2d 424 (W. Va. 1991), a reasonable expectation of coverage existed when

---

[1] In *State ex rel. Universal Underwriters Insurance Co. v. Wilson*, 825 S.E.2d 95 (W. Va. 2019), the Supreme Court of Appeals did not consider whether an insurance agent's statements can create a reasonable expectation of coverage because it held that the insured was judicially estopped from using the statements as evidence.

the insurer offered coverage for which the applicant was not eligible and the applicant accepted the offer, but the insurer did not communicate to the applicant that she was not eligible for the coverage. And in *Costello v. Costello*, 465 S.E.2d 620 (W. Va. 1995) (per curiam), the Supreme Court of Appeals suggested that an insured may reasonably expect coverage where she asked for coverage "identical" to her husband's, she was present in the agent's office at the time the application was completed, her information was included on the application, and she was insured on the previous policy that the agent possessed at the time the application was completed. Notably, the expectation of coverage was not based on any statements by the insurance agent. *See id.* More recently, in *New Hampshire Insurance Co. v. RRK, Inc.*, 736 S.E.2d 52 (W. Va. 2012) (per curiam), the Supreme Court of Appeals applied the reasonable expectations doctrine when a fax sent to the insured by the insurer contained policy terms that differed from those in the policy that was issued. The circumstances present in these four cases in which the Supreme Court of Appeals has applied the reasonable expectations doctrine are not present in the case at bar.

More importantly, the West Virginia Supreme Court of Appeals has declined to apply the reasonable expectations doctrine when addressed with an argument like the one Defendants advance here. Defendants assert that they had a "multiple[-]year[] . . . business relationship" with their insurance agent, who "made multiple visits to" Defendants' "offices . . . for the purpose of evaluating their operations and making recommendations regarding the types of policies and amounts of coverages . . . reasonably necessary to insure them against various risks of loss associated with their operations." (ECF No. 20 at 15–16.) They claim that they "relied entirely on [the agent] to select" an adequate policy. (*Id.* at 16.) However, an insurer's "familiar[ity] with the nature of [the insured's] business" is insufficient to trigger the reasonable expectations doctrine because "[a]n insurer has no obligation to provide coverage for every possible risk its

7

insured may face." *Robertson v. Fowler*, 475 S.E.2d 116, 121 (W. Va. 1996). Accordingly, this Court concludes that the reasonable expectations doctrine does not apply in this case.

IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings and to dismiss Defendants' counterclaims, (ECF No. 26), is **GRANTED**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: May 2, 2019

THOMAS E. JOHNSTON, CHIEF JUDGE