# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

**GEMINI INSURANCE COMPANY,**

    Plaintiff and Counterclaim Defendant,

v.                                                           Civil Action No. 2:18-cv-00424

**SIRNAIK, LLC., et al.,**

    Defendants and Counterclaim Plaintiffs,

1nd

**SIRNAIK, LLC, et al.,**

    Third-Party Plaintiffs,

v.

**USI INSURANCE SERVICES, LLC, and
JOHN KEHOE,**

    **Third-Party Defendants.**

## ORDER

The remaining claims in this action stem from a third-party complaint filed by Third-Party Plaintiffs Sirnaik, LLC; Green Sustainable Solutions, LLC; Surnaik Holdings of WV, LLC; Intercontinental Export Import, Inc.; Rajiv Naik; Upendra Naik; and Dr. Saurabh Naik (collectively, "Third-Party Plaintiffs") against their insurance agent, John Kehoe ("Kehoe"), and the company he represents, USI Insurance Services, LLC (collectively, "Third-Party Defendants"). (ECF No. 30.) Third-Party Plaintiffs allege that Third-Party Defendants failed to procure an insurance policy that would provide coverage in a series of underlying lawsuits stemming from a

warehouse fire at Third-Party Plaintiffs' properties in Parkersburg, West Virginia, in October 2017. (*Id.*)

Before this Court are Third-Party Defendants' motion to compel (ECF No. 82), Third-Party Plaintiffs' motion to reopen Kehoe's deposition (ECF No. 87), and Third-Party Plaintiffs' motion to strike Third-Party Defendants' response to their motion to reopen the deposition (ECF No. 91). For the reasons explained more fully herein, Third-Party Defendants' motion to compel (ECF No. 82) is **GRANTED**. Third-Party Plaintiffs' motion to reopen Kehoe's deposition (ECF No. 87) is **GRANTED**. Third-Party Plaintiffs' motion to strike (ECF No. 91) is **DENIED**.

A. *Third-Party Defendants' Motion to Compel (ECF No. 82)*

On March 26, 2019, Third-Party Defendants served on Third-Party Plaintiffs their First Set of Requests for Admission, Interrogatories, and Requests for Production of Documents. (ECF No. 55; *see* ECF No. 82-1.) Third-Party Plaintiffs responded to these requests on May 3, 2019. (ECF No. 65.) In their response, Third-Party Plaintiffs represented that with respect to Requests for Production Nos. 12 and 13, they would produce "all relevant, responsive, and non-privileged communications between [Third-Party Plaintiffs] and ICA Risk Management Consultants [("ICA")], if any." (ECF No. 82-2 at 13–14.) However, Third-Party Defendants assert that Third-Party Plaintiffs' corporate representative stated that no search for those documents was performed. (ECF No. 83 at 3.) Third-Party Defendants thus seek to compel Third-Party Plaintiffs to produce the documents responsive to Requests for Production Nos. 12 and 13. (*Id.* at 4–5.)

Third-Party Plaintiffs offer no substantive response to Third-Party Defendants' motion; rather, they argue that the motion to compel should be denied because Third-Party Defendants failed to certify that they conferred with Third-Party Plaintiffs in an effort to resolve the dispute prior to filing the motion to compel. (ECF No. 85 at 1.) The obligation to confer and to certify

2

compliance with that obligation derives from Federal Rule of Civil Procedure 37(a) and Rule 37.1(b) of this District's Local Rules of Civil Procedure. *See Westfield Ins. Co. v. Carpenter Reclamation, Inc.*, 301 F.R.D. 235, 245 (S.D.W. Va. 2014). However, the parties' failure to meet and confer or certify that they have done so does not automatically result in the denial of a motion to compel in this District. *Fint v. Brayman Constr. Corp.*, No. 5:17-cv-04043, 2018 WL 5116097, at *2 (S.D.W. Va. Oct. 19, 2018) ("The failure of moving counsel to take the additional step of making a telephone call or scheduling a face-to-face conference will not prevent a ruling on the motion to compel, but in most cases will preclude an award of reasonable expenses."); *Pinnacle Mining Co. v. Bluestone Coal Corp.*, No. 5:08-cv-00931, 2015 WL 2338638, at *3 (S.D.W. Va. May 13, 2015) (same); *Westfield Ins. Co.*, 301 F.R.D. at 245 (same). Accordingly, the undersigned addresses the merits of the motion to compel even though Third-Party Defendants did not certify that they conferred with Third-Party Plaintiffs prior to filing the motion.[1]

The discovery requests at issue, Requests for Production Nos. 12 and 13, request copies of communications between ICA and Third-Party Plaintiffs as well as communications between ICA and Third-Party Defendants. (ECF No. 82-2 at 13–14.) Third-Party Defendants argue that the information "is relevant . . . to [their] understanding of what coverage Third-Party Plaintiffs sought and the conversations that were had about the types of policies to be procured or not procured." (ECF No. 83 at 4.) Indeed, Third-Party Plaintiffs' claims against Third-Party Defendants are based on Third-Party Defendants' alleged failure to procure insurance that provided coverage for potential liability associated with Third-Party Plaintiffs' operations. (ECF No. 30.) Information about the types of coverage Third-Party Plaintiffs requested or were advised to obtain is clearly

---

[1] Of note, Third-Party Defendants previously filed a motion to compel that encompassed a number of discovery requests in their First Set of Requests for Admission, Interrogatories, and Requests for Production of Documents, including those at issue in the presently pending motion to compel. (ECF No. 70.) The first motion did include a certification. (ECF No. 71-5.)

3

relevant to those claims. As such, Third-Party Defendants are entitled to that information. Third-Party Defendants' motion to compel (ECF No. 82) is **GRANTED**.[2] However, their request for reasonable expenses associated with making the motion is **DENIED** for failure to certify compliance with the meet and confer requirement. *See* Fed. R. Civ. P. 37(a)(5)(A)(i).

B. *Third-Party Plaintiffs' Motion to Reopen Deposition (ECF No. 87)*

On July 18, 2019, Third-Party Plaintiffs conducted Kehoe's deposition. (ECF No. 76; *see* ECF No. 88 at 3.) They represent that five days after the deposition, on July 23, 2019, Third-Party Defendants produced a document that "outlined the necessary terms of insurance that Mr. Kehoe was asked to procure." (ECF No. 88 at 3; *see* ECF Nos. 87-2, 90-2.) The document, titled "General Liability Insurance Policy Specifications," appears to have been prepared for Third-Party Plaintiffs by ICA in 2014 or 2015. (ECF Nos. 87-2, 90-2.) The policy specifications solicit proposals and quotes from potential insurers. (*Id.*) Third-Party Plaintiffs assert that the policy specifications are "material to (if not dispositive of) [their] claim for negligent procurement." (ECF No. 88 at 3.) They seek to reopen Kehoe's deposition in order to ask him questions about the policy specifications. (*Id.* at 4.)

In general, leave to reopen a deposition is appropriate if the topics to be discussed fall within the scope of permissible discovery and are neither duplicative nor obtained more easily from another source or using another method. Fed. R. Civ. P. 30(a)(2)(A)(ii); *see id.* 26(b)(1), 26(b)(2); *see also Patterson v. Yeager*, No. 2:12-cv-01964, 2015 WL 6755311, at *3 (S.D.W. Va. Nov. 4, 2015). "Courts have reopened a deposition where a witness was inhibited from providing

---

[2] In a later filing before this Court, Third-Party Defendants suggest that Third-Party Plaintiffs supplemented their prior discovery responses after the motion to compel was filed. (ECF No. 90 at 4.) However, Third-Party Defendants did not move to withdraw their motion to compel or otherwise represent that it was moot. Accordingly, the undersigned assumes that the motion remains at issue and **ORDERS** Third-Party Plaintiffs to provide the requested information within fourteen (14) days from the date of this Order, if they have not already done so.

4

full information at the first deposition or where new information comes to light triggering questions that the discovering party would not have thought to ask at the first deposition." *Patterson*, 2015 WL 6755311, at *3 (internal quotation marks omitted). Third-Party Plaintiffs assert, "While Mr. Kehoe generally alluded to [the policy specifications] in his deposition, [Third-Party Plaintiffs were] unable to confirm the documents [sic] authenticity, challenge the basis for his testimony, or question him regarding his failure to follows [sic] the specifications in the request for insurance." (ECF No. 88 at 3.) Third-Party Defendants respond[3] that the policy specifications were neither created by Kehoe nor discussed between him and ICA or Third-Party Plaintiffs, that Kehoe answered questions about the policy specifications at his deposition, and that the policy specifications for Third-Party Plaintiffs for their 2015 insurance policy are irrelevant to Third-Party Plaintiffs' claims in this action, which relate to their 2017 insurance policy.

Turning first to Third-Party Defendants' assertion that the policy specifications from 2015 are not relevant to the 2017 policy, that argument is without merit. Kehoe testified at his deposition that the 2015 policy was "renewed until today" and had the same "scope of coverage." (ECF No. 90-3 at 7, 10.) If the 2017 policy had terms identical to the policy procured in 2015 pursuant to the policy specifications, it follows that the policy specifications are relevant to the 2017 policy. Further, Kehoe's testimony about the policy specifications was limited to the "kind of general information" that is included in a policy specifications document; he did not answer questions about the policy specifications at issue because he was not asked those questions. (*See id.* at 7.) But if the policy specifications had been produced prior to the deposition, Third-Party Plaintiffs almost certainly would have asked Kehoe questions about them. Finally, the fact that Kehoe did

---

[3] Third-Party Plaintiffs filed a motion to strike Third-Party Defendants' response as untimely because it was filed one day after the fourteen-day deadline in this District's Local Rule of Civil Procedure 7.1(a)(7). (ECF No. 91.) The motion to strike (ECF No. 91) is **DENIED**.

5

not create the policy specifications or discuss their contents in detail with ICA or with Third-Party Plaintiffs does not diminish their relevance, nor does the fact that Third-Party Plaintiffs do not appear to have preserved a copy of the policy specifications or provided it to their counsel. Kehoe stated at his deposition that ICA contacted him about procuring insurance for Third-Party Plaintiffs, and the quote was derived from the policy specifications ICA prepared. (*Id.* at 6, 8.) Further questioning related to the policy specifications is thus appropriate. As such, Third-Party Plaintiffs' motion to reopen Kehoe's deposition (ECF No. 87) is **GRANTED**. The reopened deposition is limited to questions about the policy specifications and shall be conducted in a single session lasting no more than three (3) hours absent other agreement by the parties.

In sum, for the foregoing reasons, Third-Party Defendants' motion to compel (ECF No. 82) is **GRANTED**. Third-Party Plaintiffs must provide the requested information within fourteen (14) days from the date of this Order. Third-Party Defendants' request for reasonable expenses associated with making the motion to compel is **DENIED**. Third-Party Plaintiffs' motion to reopen Kehoe's deposition (ECF No. 87) is **GRANTED**. The reopened deposition is limited to questions about the policy specifications and shall be conducted in a single session lasting no more than three (3) hours. Third-Party Plaintiffs' motion to strike (ECF No. 91) is **DENIED**.

The Clerk of the Court is directed to transmit copies of this Order to all counsel of record and any unrepresented party.

Enter: August 28, 2019

Dwane L. Tinsley
United States Magistrate Judge