IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

GEMINI INSURANCE COMPANY,

            Plaintiff,

v.                                                                CIVIL ACTION NO. 2:18-cv-00424

SIRNAIK, LLC, et al.,

            Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Third-Party Defendants USI Insurance Services, LLC ("USI") and John Kehoe's ("Kehoe") Motion for Summary Judgment.[1] (ECF No. 99.) For the reasons discussed more fully below, the Court **GRANTS** in part and **DENYS** in part USI and Kehoe's Motion for Summary Judgment. (ECF No. 99.)

I.     BACKGROUND

This insurance coverage action arises out of a warehouse fire that occurred on October 21, 2017, in Parkersburg, West Virginia. (ECF No. 100 at 1.) Original Plaintiff Gemini Insurance Company ("Gemini") filed this action against various individuals and entities believed to have been involved with the ownership and maintenance of the warehouse. (*Id.* at 2.) These original defendants include: Rajiv Naik; Intercontinental Export Import, Inc.; Sirnaik, LLC; Upendra

---

[1] Also pending before the Court is Third-Party Plaintiff Sirnaik Group, LLC's Motion for Leave to File Sur-Reply. (ECF No. 112.) For good cause shown, the Court **GRANTS** the motion. (ECF No. 112.)

1

Naik; Dr. Saurabh Naik; Green Sustainable Solutions, LLC; and Surnaik Holdings of WV, LLC (collectively "Third-Party Plaintiffs"). (*Id.*) Third-Party Plaintiffs sought defense and indemnity from underlying lawsuits brought by plaintiffs who allege the warehouse stored a variety of containments that were burned and released during the fire. However, this Court previously held that Third-Party Plaintiffs' commercial general liability ("CGL") policy's pollution exclusion applied to these claims and, thus, the policy did not afford coverage for the pollution claims made by the plaintiffs in the underlying actions. (*See generally* ECF No. 64.) As a result of this ruling, Gemini was dismissed from this action. Subsequently, Third-Party Plaintiffs filed a Third-Party Complaint against USI and Kehoe (collectively "Third-Party Defendants") who sold Third-Party Plaintiffs the various insurance policies originally at issue.

In 2014, Third-Party Plaintiffs acquired a portfolio of properties which included the warehouse leading to this cause of action. (ECF No. 106 at 2.) The Third-Party Plaintiffs engaged a third-party insurance consultant, ICA Risk Management Consultants ("ICA"), to assist in determining the adequate levels of insurance needed to protect these properties. (*Id.*) The Third-Party Defendants are both insurance agents who were engaged by the Third-Party Plaintiffs to procure the insurance policies. (*Id.*) While Third-Party Defendants did procure multiple insurance policies for Third-Party Plaintiffs, only the CGL policy is at issue here. (ECF No. 106 at 3.)

ICA created a document entitled "General Liability Insurance Policy Specifications" ("Policy Request") and the parties dispute its use and purpose. Third-Party Defendants procured a 2015-2016 CGL policy that contained a complete pollution exclusion. (*Id.*) Third-Party Plaintiffs continued to seek renewal of this policy, in basically identical form, through Third-Party Defendants until the warehouse fire occurred in October of 2017. (*Id.*)

On September 4, 2019, Third-Party Defendants filed their Motion for Summary Judgment. (ECF No. 99.) On September 18, 2019, Third-Party Plaintiffs filed their Response. (ECF No. 106.) Third-Party Defendants issued their Reply on September 25, 2019. (ECF No. 111.) On September 27, 2019, Third-Party Plaintiffs filed their Motion for Leave to File Sur-Reply. (ECF No. 112.) As such, the motion is fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment. This rule provides, in relevant part, that summary judgment should be granted if "there is no genuine issue as to any material fact." Summary judgment is inappropriate, however, if there exist factual issues that reasonably may be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *News & Observer Publ. Co. v. Raleigh–Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010). When evaluating such factual issues, the Court must view the evidence "in the light most favorable to the opposing party." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970).

The moving party may meet its burden of showing that no genuine issue of fact exists by use of "depositions, answers to interrogatories, answers to requests for admission, and various documents submitted under request for production." *Barwick v. Celotex Corp.*, 736 F.2d 946, 958 (4th Cir. 1984). Once the moving party has met its burden, the burden shifts to the nonmoving party to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477

3

U.S. 317, 322 (1986). If a party fails to make a sufficient showing on one element of that party's case, the failure of proof "necessarily renders all other facts immaterial." *Id.* at 323.

### III.    DISCUSSION

The Third-Party Complaint centers on the coverage provided in Third-Party Plaintiffs' 2017-2018 CGL insurance policy and Third-Party Defendants' procurement of that policy. More specifically, Third-Party Plaintiffs allege they explicitly requested a modified pollution exclusion in their CGL policy and Third-Party Defendants instead procured a total pollution exclusion. (ECF No. 106 at 1.) Coverage for the warehouse fire was ultimately denied due to the total pollution exclusion, and Third-Party Plaintiffs further allege coverage would have been afforded under the requested modified pollution exclusion. (*Id.*) The Third-Party Complaint alleges four counts: negligent procurement, negligent misrepresentation, breach of fiduciary duty, and negligence and recklessness. (*See generally* ECF No. 30.) Third-Party Defendants' motion challenges all four counts. Each is addressed in turn.

#### A. *Negligent Procurement*

The Third-Party Complaint alleges Third-Party Defendants "negligently and recklessly breached their duty to Third-Party Plaintiffs by. . . [f]ailing to negotiate and/or procure insurance that Third-Party Plaintiffs expected and believed would be procured, including insurance that insured against the types of claims arising from the Parkersburg fire. . . ." (ECF No. 30 at 8, ¶ 40.)

A party may only bring a claim for failure to procure when there was a request for that specific type of coverage. *Aldridge v. Highland Ins. Co.*, No. 15-0658, 2016 WL 3369562, at *5 (W. Va. June 17, 2016) (quoting *Busey Truck Equip., Inc. v. Am. Family Mut. Ins. Co.*, 299 S.W.3d 735, 738 (Mo. Ct. App. 2009)). In order to prevail on a claim for negligent procurement, the

plaintiff must prove that "(1) the agent agreed to procure, for compensation, insurance from the insurance company, (2) the agent failed to procure the agreed upon insurance and, in so doing, failed to exercise reasonable care and diligence, and (3) as a result, the plaintiff suffered damages." *Id.*

In order to prevail on this claim as a matter of law, Third-Party Plaintiffs must show there was a request for the specific type of coverage they allege was not obtained. *Id.* Third-Party Plaintiffs argue that the Policy Request produced by their agent ICA meets this burden because the it specifically directed Third-Party Defendants to "obtain a 'Modification of Pollution Exclusion,' which was to include a 'hostile fire' provision." (ECF No. 106 at 7.) Thus, Third-Party Plaintiffs' claim does not fail as a matter of law because they have provided sufficient evidence to establish the existence of this claim.

Further, drawing all inferences in favor of Third-Party Plaintiffs, the Court cannot grant summary judgment in favor of Third-Party Defendants from the record currently before it because genuine issues of material fact remain. Third-Party Defendants classify the Policy Request as a fugitive document and argue there is no evidence that Third-Party Plaintiffs saw this document prior to the filing of this lawsuit, no evidence that the Policy Request was used or discussed during the procurement of the initial insurance policy, and no evidence that Third-Party Defendants or ICA intended to use the Policy Request or if the requests in this document were reasonable. (ECF No. 111 at 5.) Third-Party Defendants also rely on contract law principles to argue their quote was an offer and "[t]hat offer was accepted upon Third-Party Plaintiffs' payment of the premium for the coverage that was quoted." (ECF No. 111 at 3.) Further, they argue the only agreement was that they would procure a CGL policy in accordance with the information Third-Party Plaintiffs provided to ICA and that did in fact occur. (*Id.* at 4.)

While it is clear from the record that Third-Party Plaintiffs did not request a separate pollution policy,[2] the parties are in dispute over the Policy Request, its intended use, and how it was supposed to be utilized by the parties during the procurement of the CGL policy. Third-Party Plaintiffs argue Third-Party Defendants were "directed to procure insurance in conformity with" the Policy Request, (ECF No. 106 at 7), while Third-Party Defendants argue it was not relevant to the procurement process, (ECF No. 111 at 5.) It is not this Court's role to determine the intention of the parties. Genuine issues of fact remain because "the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *News & Observer Publ. Co.*, 597 F.3d at 576. Summary judgment is not appropriate on this count.

### B. Negligent Misrepresentation

Next, Third-Party Plaintiffs allege Third-Party Defendants misrepresented and/or neglected "to provide adequate and accurate, analysis, comparison and/or information relating to coverages procured" and, as a result of their actions and omissions, Third-Party Plaintiffs reasonably relied on the representations made by them that their coverage would cover the types of claims arising from the warehouse fire. (ECF No. 30 at 10, ¶ 44.)

Under West Virginia law,

> A misrepresentation in insurance, is a false representation of a material fact by one of the parties to the other, tending directly to induce such other to enter into the contract, or to do so on less favorable terms to himself, when without such representation such other party might not have entered into the contract at all, or done so on different terms.

*Robertson v. Fowler*, 475 S.E.2d 116, 121 (W. Va. 1996) (quoting Syl. Pt. 1, *Woody v. Continental Life ins. Co.*, 141 S.E. 880 (W. Va. 1928)). "Unknowing misrepresentations are actionable if the

---

[2] Third-Party Defendants also argue Third-Party Plaintiffs failed to request a separate pollution policy. (ECF No. 100 at 9.) Third-Party Plaintiffs admit they never requested this type of policy and, instead, argue they needed the modified pollution exclusion described previously. (ECF No. 106 at 8.)

person making the representation did so recklessly, without knowledge of its accuracy, or if the misrepresentation is made under circumstances where the law imposes a 'duty to know.'" *Conley v. Ryan,* 92 F. Supp. 3d 502, 516 (S.D. W. Va. 2015) (quoting Syl. Pt. 1 *Lengyel v. Lint*, 280 S.E.2d 66 (W. Va. 1981)). Further, the Supreme Court of Appeals of West Virginia specifically refused to hold that an insurance agent holds a fiduciary duty to an insured. *Aldridge*, 2016 WL 3369562, at *5 ("[T]his Court has never recognized an insurance agent's 'duty to advise' an insured about coverage nor the 'special relationship' exception that would trigger such a duty."); *see also Kronjaeger v. Buckeye Union Ins. Co.*, 490 S.E.2d 657, 674 (W. Va. 1997) ("To require an insurer to inform an insured about coverage the insured him/herself purchased is nothing short of absurd.").

Here, Third-Party Defendants claim Third-Party Plaintiffs have provided no evidence to support their claim that Third-Party Defendants falsely represented the coverage provided in the 2017-2018 insurance policy. (ECF No. 100 at 12.) To support this claim, Third-Party Plaintiffs rely on an email exchange between Third-Party Plaintiff Dr. Saurabh Naik ("Dr. Naik") and Third-Party Defendant Kehoe. On July 26, 2017, Dr. Naik asked Kehoe "[w]hat dies [sic] the insurance covers <that¹s [sic] what I wanted to see." (ECF No. 106 at 13.) Kehoe responded that "[t]he general liability policy pays for any third party liability claim for bodily injury and property damage that happens at any of our sites owned, leased or rented as well as the product liability and completed operations claims from the products we sell or alter and or [sic] install if we have that exposure." (*Id.*)

The parties heavily dispute the meaning of this language. Third-Party Defendants argue "the email makes clear that the coverage provided under the CGL policy is limited to property damage or bodily injury claims that occur at the physical sites named in" that policy and does not make any representations about pollutants, which is what is at issue here. (ECF No. 100 at 13.) On the other hand, Third-Party Plaintiffs argue this interpretation of Kehoe's statement is also a misinterpretation

7

of the policy and that the policy did not provide coverage for "any third party liability claim for bodily injury and property damage" as Kehoe claims because coverage was excluded in this case. (ECF No. 106 at 14.) In their Reply, Third-Party Defendants dispute that any misrepresentations were made because they argue Kehoe was referring to the "completed operations coverage," which is a type of coverage available under a CGL policy. (ECF No. 111 at 9.)

Again, it is not the role of this Court to determine the parties' intentions with relation to the statements made in this email communication. The meaning of this language and its interpretation by the parties are disputed material facts because their determination effects the outcome of this claim. *News & Observer Publ. Co.*, 597 F.3d at 576. Summary judgment is also not proper on this count.

### C. Breach of Fiduciary Duty

Third-Party Plaintiffs concede "there is insufficient evidence to establish the existence of a fiduciary duty and therefore agree to the dismissal of" Count III. (ECF No. 106 at 6, n. 3.) As noted above, the Supreme Court of Appeals of West Virginia specifically refused to hold that an insurance agent holds a fiduciary duty to an insured.

Because Third-Party Plaintiffs concede this claim and it does not exist as a matter of law, summary judgment is granted on this count. The Court **FINDS** that Count III of the Complaint is **DISMISSED**.

### D. Negligence and Recklessness

Third-Party Plaintiffs state their negligence and recklessness claim is derivative of their claims for negligent procurement and misrepresentation. (ECF No. 106 at 15.) Third-Party Defendants argue Third-Party Plaintiffs failed to present sufficient evidence of causation and damages because the modified pollution exclusion, even if included in the policy, would not have provided coverage for the underlying plaintiffs' claims. (ECF No. 111 at 9.) Third-Party

Plaintiffs request, for the first time in their Response brief, that this Court determine if Gemini's indemnity and defense obligations would have been triggered under the modified pollution exclusion. (ECF No. 106 at 9.)

First, the Court notes this is not a declaratory judgment action. At this time, the Court does not need to determine if coverage would have applied under the modified pollution exclusion because there is sufficient evidence of potential damages. If this Court were to determine that coverage would have been afforded for these claims if the modified pollution exclusion existed, Third-Party Plaintiffs would obviously have damages under their claims. Even if this Court were to determine that the policy language in question was ambiguous, damages likely would still exist because the duty to defend is broader than the duty to indemnify and damages could result from the insurer's failure to defend. *State ex rel. Nationwide Mut. Ins. Co. v. Wilson*, 778 S.E.2d 677, 685 (W. Va. 2015) ("[A]n insurer's duty to indemnify its insured under a CGL policy is narrower than its duty to provide a defense.") Thus, in viewing the evidence in the light most favorable to Third-Party Plaintiff, they have provided sufficient evidence to support the existence of damages. At the very least, Third-Party Defendants are not entitled to judgment as a matter of law on this point.

Accordingly, as the Court finds that genuine disputes remain regarding Third-Party Plaintiffs' claims for negligent procurement, negligent misinterpretation, and negligence and recklessness, summary judgment is not appropriate at this time.

IV. CONCLUSION

For the reasons stated above, Third-Party Defendants' Motion for Summary Judgment, (ECF No. 99), is **GRANTED** in part and **DENIED** in part.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 16, 2019

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE